UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **WESLEY WALLS,**<br><br>Plaintiffs;<br><br>v.<br><br>**GENUINE PARTS COMPANY,**<br><br>Defendant. | Case No._____ |

**Complaint Pursuant to the
Fair Labor Standards Act 29 U.S.C. §201, *et seq.***

Plaintiff Wesley Walls (hereinafter "Plaintiff" or "Walls), by and through his counsel of record files this lawsuit against Genuine Parts Company (hereinafter "Defendant" or "Genuine") pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA" or Act") to obtain the liability due to Plaintiff under the Act. Specifically, Plaintiff seeks the liability owed for overtime compensation violations, including an equal amount in liquidated damages, and an award for reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b) of the Act.

**I.    Parties**

1. Plaintiff resides in Sumter County Georgia.

2. Defendant is a business registered with the Georgia Secretary of State and operates an automotive replacement parts distribution company with a principal office address of 2999 Wildwood Parkway, Atlanta, Georgia 30339 which transacts business throughout the State of Georgia.

3. This lawsuit is brought pursuant to the FLSA for equitable and declaratory relief and to remedy a violation of the overtime provisions of the Act. 29 U.S.C. §§ 206 AND 207.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.

5. Venue is proper in the United States District for the Middle District of Georgia pursuant to 28 U.S.C. §1391.

6. Defendant is subject to personal jurisdiction in the state of Georgia for the purpose of this lawsuit.

7. At all times material to this action, Defendant operates as enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s)(1) of the FLSA and has an annual gross volume of sale in excess of five-hundred thousand dollars ($500,000.00).

8. At all times material to this action Defendant was an employer of Plaintiff as defined by 29 U.S.C. §203(d) of the FLSA.

COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT

9. At all times material to this action Plaintiff was an employee of Defendant as defined by 28 U.S.C. §203 of the FLSA.

10. At all times material to this action, Defendant employed Plaintiff, including permitting Plaintiff to work as defined by 29 U.S.C. §203(g).

## II.   Facts

11. Plaintiff accepted employment and worked for Defendant as a store systems representative from April of 2016 until he was terminated on June 23, 2020.

12. Plaintiff was employed by Defendant as a store systems representative from the time his employment began until his termination.

13. Plaintiff's job duties consisted of selling computer hardware and software and installation of the hardware and software for non-company owned "NAPA" stores.

14. Plaintiff's job duties did not include any managerial duties.

15. In the performance of his job duties for Defendant, Plaintiff routinely worked in excess of 40 hours per week, many weeks working closer to 75 hours per week.

16. Plaintiff's salary at the time of his termination was $54,065 per year plus some assorted bonuses and commissions.

17. Defendant compensated Plaintiff on a salary basis for all hours worked, regardless of the number of hours worked. Defendant deliberately refused to pay Plaintiff his overtime compensation for those hours over 40 per week.

18. Plaintiff's employment did not qualify for an exemption under Section 13(a)(1) and Section 13(a)(17) of the FLSA. As such, Plaintiff is considered a non-exempt employee under the Fair Labor Standards Act.

19. Defendant's practice of compensating Plaintiff on a salary basis for all hours worked, regardless of the number of hours worked did not satisfy Defendant's obligation to pay overtime compensation to Plaintiff for hours worked in excess of 40 hours per week.

20. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

21. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

### III.   Cause of Action Pursuant to the Fair Labor Standards Act

22. Plaintiff adopts by reference each and every material averment contained paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant's pay practices with respect to Plaintiff failed to satisfy its overtime compensation obligation to Plaintiff.

24. Defendant's violation of the FLSA was willful.

25. Defendant's violation of the FLSA was not based on good faith.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Plaintiff is entitled to: (i) time-and-a-half overtime compensation, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

27. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 20 U.S.C. § 216(b).

## IV.   Prayer for Relief

WHEREFORE, Plaintiff prays for the following relief:

1. That process issue against Defendant and that the Defendant be required to answer within the time period provided by applicable law;

2. that Plaintiff be awarded damages in the amount of his unpaid overtime compensation, and an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. that Defendant be required to pay Plaintiff's attorneys' fees;

4. that Defendant be required to pay the costs and expenses of this action;

5. that Plaintiff be granted such other, further and general relief to which he may show himself entitled; and

COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT

6. that a jury be impaneled to hear this cause of action at trial.

## V. Jury Demand

THE PLAINTIFF DEMANDS A JURY TRIAL

        Respectfully submitted,

        /s/ William Gregory Dobson, Esq.
        William Gregory Dobson, Esq.
        Georgia Bar No.: 237770
        A. Danielle McBride, Esq.
        Georgia Bar No.: 800824
        Lober & Dobson, LLC
        830 Mulberry Street, Suite 201
        Macon, Georgia 31201
        (478) 745-7700
        wgd@lddlawyers.com
        admcbride@lddlawyers.com

        /s/ Michael J. Lober, Esq.
        Michael J. Lober, Esq.
        Georgia Bar No.: 455580
        Lober & Dobson, LLC
        301 Creekstone Ridge
        Woodstock, Georgia 30188
        (770) 741-0700
        mjlober@lddlawyers.com

**DEFENDANT'S SERVICE ADDRESS:**

Genuine Parts Company
c/o CT Corporation, Reg. Agent
112 North Main Street
Cumming, Georgia 30040

COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT